1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CEDRIC CHAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>    PLAINTIFF,<br>V.<br><br>**BAYSIDE INSURANCE ASSOCIATES, INC.,**<br><br>    DEFENDANT. | **Case No.: 2:15-cv-02004-JAK-AGR**<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL**<br><br>**JS-6** |

Plaintiff Cedric Chan ("Mr. Chan" or "Plaintiff") and defendant Bayside Insurance Associates, Inc. ("Bayside" or "Defendant"), entered into a Settlement Agreement and Release (the "Agreement"), which has been approved by the Court. The Agreement applies to members of the following class ("Settlement Class"):

> All persons within the United States who were sent one or more text messages by Defendant for marketing purposes on a cellular telephone number between February 1, 2015 and March 31, 2015.

Based on the Agreement,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

I. <u>INJUNCTION</u>: The following injunction is entered:

(1) As of the Effective Date of this final order, and remaining in effect for a period of four (4) years thereafter: (a) Bayside shall not make, or cooperate with others to make, SMS text messages to cellular phones unless each text-message recipient has given explicit written prior express consent to receive such text messages (in a manner explained below); (b) Bayside shall require any contract it enters into for the purpose of obtaining consumer cell phone numbers to transmit text messages, to provide that Bayside and each entity with whom it contracts to obtain consumer cell phone numbers shall keep documented proof of all prior express consent received from the owners of said cell phone numbers for a period of four (4) years after said consent is obtained; (c) Bayside shall require any contract it enters into for the purpose of obtaining consumer cell phone numbers to transmit text messages, to state that the requisite "prior express consent" must be obtained by written means, including electronic methods, and require that if a cellular phone number is obtained on a website, that any authorization must include an affirmative action on the part of the consumer, such as checking a box or clicking on an "I Accept," "Submit," "Proceed," or similar button with disclosures informing that the affirmative action will result in receiving text messages, which are presented on the same page as the required affirmative action indicating consent, with the text of such disclosers placed within a reasonable distance (for example 200 pixels on a 100 PPI screen) from the telephone number field or submit button, and in text of sufficient size and contrast to be clearly legible; and,

(2) Bayside will pay all costs associated with the implementation of this injunction.

II. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>:  The class representative, all members of the Settlement Class ("Class Members"), and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any claim on the basis of any unsolicited marketing text messages sent by Defendant on a cellular telephone number to Class Members in February and March 2015 using an automatic telephone dialing system, except as elsewhere noted.  Nor shall such a claim be brought against Defendant's past, present and future directors, officers, partners, owners, principals, employees, affiliates, agents, predecessors, successors, insurers, shareholders, and attorneys, whether known or unknown, existing at the time of execution of the agreement on March 30, 2016, except as elsewhere noted. However, this does not preclude any claims of Plaintiff and the Class Members to any statutory damages or any monetary relief of any kind.

III. This action, including all claims asserted herein, is hereby dismissed with prejudice.

IV. Without affecting the finality of this Final Judgment and Order of Dismissal, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order and Judgment.

IT IS SO ORDERED.

DATED: February 23, 2017

_____
THE HON. JOHN A. KRONSTADT
U.S. DISTRICT JUDGE